Catherine Cabalo (CA Bar No. 248198)
PEIFFER WOLF CARR & KANE
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: ccabalo@pwcklegal.com

*Attorneys for Plaintiff*
*Walter Delson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER DELSON,<br><br>           Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, BERKELEY; and DOES 1-10, Inclusive,<br><br>           Defendants. | Case No. 3:17-cv-07367 JD<br>Civil Rights<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>1.  Violations of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*)<br>2.  Violation of the Rehabilitation Act of 1973 (29 U.S.C. § 794)<br>3.  Violations of California Government Code Section 11135<br>4.  Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq.*) |

COMES NOW Plaintiff WALTER DELSON ("Plaintiff" or "Mr. Delson") in this civil rights action and hereby complains of defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, BERKELEY; and DOES 1-10 (together "Defendants") as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as "California Memorial Stadium," located at or about: 2227 Piedmont Avenue in Berkeley, California (hereinafter the "Stadium").

2. Plaintiff is a person with a mobility disability and uses a wheelchair for mobility.

3. Defendants' configuration of the Stadium and its related facilities deny full and equal access to individuals with mobility disabilities in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, California Government Code Section 11135, and California's Unruh Civil Rights Act ("Unruh Act"). As a result, Plaintiff has been continuously denied full and equal access and/or deterred from visiting the Stadium during the two years preceding the filing of this Complaint, has been embarrassed and humiliated, and suffered damages. Plaintiff seeks injunctive relief requiring provision of access under the ADA, and injunctive relief for full and equal access and statutory damages under the Unruh Act. Plaintiff also seeks recovery of reasonable attorneys' fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under the Unruh Civil Rights Act, California Civil Code §§ 51, 52.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that

Plaintiff's causes of action arose in this District.

6.      This case should be assigned to the San Francisco/Oakland Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7.      At all times relevant to this Complaint, Plaintiff is qualified as a "person with a disability," as this phrase is used under California law and under federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and Title II of the ADA. Plaintiff is a paraplegic and requires use of a wheelchair for mobility. He possesses a disabled parking placard and/or license plate issued by the State of California, entitling him to park in designated accessible and van-accessible parking spaces.

8.      Defendants are the owners, operators, lessors, and/or lessees, of the businesses, properties, facilities, and/or portions of the Stadium and of the parking facilities serving the Stadium and the pedestrian right of way between those parking facilities and the Stadium.

9.      Defendant Regents of the University of California is a California Corporation that controls the University of California, Berkeley, and thus, the Stadium.

10.     Defendant University of California, Berkeley is a California non-profit public benefit corporation that owns and operates the Stadium.

11.     The Stadium is a "stadium" and "place of public gathering," as the terms are described in the ADA § 301. The Stadium is intended for nonresidential use and its operations affect commerce.

12.     Defendants Regents of the University of California; the University of California, Berkeley; and Does 1-5 (together "Public Entity Defendants") are public entities subject to Title

II of the ADA, the Rehabilitation Act of 1973, and to all other legal requirements referred to in this Complaint, who are the owners, operators, lessors, and/or lessees, of the businesses, properties, facilities, and/or portions thereof of the Stadium and of the parking facilities serving the Stadium and the pedestrian right of way between those parking facilities and the Stadium.

13. Defendant Does 6-10 are employees, contractors, and/or agents of Public Entity Defendants.

14. The true names or capacities, whether individual, corporate, associate, or otherwise of defendants Does 1-10 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some manner legally responsible for the events and happenings herein referred to, which caused injury and damages to Plaintiff as herein alleged. Plaintiff prays for leave of court to amend this Complaint to show such true names and capacities when the same have been ascertained.

15. Plaintiff does not know the relative responsibilities of Public Entity Defendants and Does 6-10 in the ownership and operation of the facilities herein complained of, but is informed and believes, and on such information and belief alleges, that at all times mentioned herein, such defendants, and each of them, were the agents, servants, employees, and representatives of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other defendants, and are responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein. All actions alleged herein were done with the knowledge, consent, approval, and ratification of each of the defendants herein, including their

managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

16. The subject Stadium and its related facilities, including but not limited to its event spaces, entrances/exits, and restrooms, are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)), Title II of the ADA (42 U.S.C. § 12132), and California Civil Code §§ 51 *et seq.*

17. Defendants have discriminated against Plaintiff by failing to remove architectural barriers at the Stadium, despite a 21-month renovation commencing in December 2010 and concluding on or about August 2012. Upon information and belief, all but the outer wall and eastern seating bowl of the Stadium were completely rebuilt, and a complex seismic upgrade was implemented by a team of architects and engineers. A new press box and University Club structure appears to float above the west side of the stadium, although it is in fact anchored on concrete pylons and connected to strong shock absorbers.

18. Despite this extensive renovation project that triggered Defendants' obligations to remove certain physical barriers where readily achievable and comply with federal and state building standards related to access for new construction, newly renovated and constructed areas of the Stadium—such as the University Club – remain inaccessible to persons who use wheelchairs.

19. Defendants have knowingly and intentionally denied persons with mobility disabilities the full and equal enjoyment of its businesses, services, privileges, advantages, and accommodations at the Stadium. Defendants have engaged in this discriminatory conduct despite the fact that its facilities and services could easily be brought into compliance with the ADA and

the Unruh Civil Rights Act, and despite the fact that Defendants are and have been fully aware that their facilities, conduct, and practices have and continue to cause harm to persons with mobility disabilities including segregation and exclusion. The foregoing violations of the ADA and the Unruh Civil Rights Act are illustrated by the experiences of Plaintiff, which are set forth in the paragraphs below.

20.     Plaintiff has visited the Stadium several times in the two years prior to the filing of this Complaint and encountered barriers that interfered with, if not outright denied, his ability to use and enjoy the programs, services, activities, privileges, and accommodations offered at the Stadium.

21.     Plaintiff was invited to attend a gala hosted by the Center for Independent Living ("CIL") to take place on January 23, 2018 at the Stadium's "University Club" to celebrate Ed Roberts Day. Ed Roberts, the first student who relied on a wheelchair while a student at the University of California, Berkeley in the 1960s, was a pioneering leader of the disability rights movement. The CIL, started in 1972 by Mr. Roberts and other students and community members, provides advocacy and services that increase awareness, collaboration, and opportunity among people with disabilities and the community at large.

22.     Plaintiff arrived at the University Club of the Stadium in the early evening of January 23, 2018 to attend the CIL gala, excited to celebrate Ed Roberts and connect with colleagues and friends devoted to the disability rights movement. Given the nature of the celebration and the host of the gala, Plaintiff looked forward to enjoying the newly-renovated University Club and its alleged enhanced accessible features. Unfortunately, he was surprised and appalled to find that the Stadium's University Club was woefully inaccessible to wheelchair users like himself.

23. When he attempted to use the restroom, he found it impossible to use the sink to wash his hands, as the sink had a cabinet base that did not provide any knee space for a wheelchair user. Disgusted by his inability to wash his hands after using the restroom, he then found that he could not exit the restroom because there was inadequate maneuvering space at the door to allow him to situate his wheelchair so he could pull the door open without hitting his wheelchair. He was forced to wait for someone to enter the restroom so that he could exit, causing him extreme embarrassment.

24. While mingling during the gala, Plaintiff realized that he could not open the heavy doors leading to the balcony, one of the highlights of the University Club that boasts panoramic views of the Bay Area. Plaintiff was reliant on other guests to open the door for him to access the balcony and return to the interior of the University Club from the balcony.

25. Plaintiff tried to make the most of his remaining time at the gala. However, he became increasingly uncomfortable with the prospect of having to encounter the same barriers if he needed to use the restroom again and dismayed by his inability to independently access the balcony. Discouraged by the barriers at the Stadium, Plaintiff left the gala early.

26. Plaintiff returned to the Stadium the next year, on January 23, 2019, for CIL's gala celebration for Ed Roberts Day. He was hopeful that the restroom and door barriers that he encountered at the Stadium the year before had been remedied since the prior year. Sadly, he encountered the exact same barriers at the 2018 gala celebration when he attempted to use the restroom and access the balcony.

27. Upon information and belief, restroom facilities and access doors throughout the Stadium do not comply with federal and state access laws.

28. Plaintiff alleges continuous and ongoing discrimination.  Plaintiff has been

injured by being deterred from visiting the Stadium for all times occurring after the filing of this Complaint to the time of final judgment. Therefore, Plaintiff reserves, and will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

29. The barriers described above are only those that Plaintiff personally encountered. He is presently unaware of other barriers which may in fact exist at the Stadium and relate to his disabilities. The barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s), per the Ninth Circuit's standing standards under *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (*en banc*). These barriers to access render the Stadium and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is his intention to have all barriers which exist at the Stadium and relate to his disabilities removed to afford him full and equal access.

30. Defendants knew, or should have known, that these elements and areas of the Stadium were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, upon information and belief, Defendants have the financial resources to remove these barriers without much difficulty or expense and make the Stadium accessible to the physically disabled. To date, however, Defendants have not removed these barriers.

31. Plaintiff's goal in this suit is a positive one: to make the Stadium accessible to all persons alike (regardless of their physical condition).

**FIRST CLAIM:
VIOLATION OF THE ADA, TITLE II
[42 USC §§ 12201 *et seq.*]
(Against Public Entity Defendants)**

32. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

33. Effective January 26, 1992, Plaintiff was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity", including any state or local government, as defined by 42 U.S.C. § 12131.

34. Pursuant to Title II of the ADA (42 U.S.C. § 12132), no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual with a disability as defined by the ADA.

35. Public Entity Defendants have failed in their responsibilities under Title II to provide services, programs and activities in a full and equal manner to disabled persons as described herein, including, without limitation, failing to: ensure that the Stadium is properly accessible to disabled persons; ensure that related public facilities and public accommodations, as described herein, are accessible to disabled persons; remove known architectural barriers at the subject facilities so as to make the facilities "accessible to and useable by" disabled persons; comply with alteration requirements and standards in effect at the time of alterations; and/or modify its programs, services and activities to make them accessible to disabled persons, including Plaintiff. As a proximate result of Public Entity Defendants' actions and omissions, Plaintiff was discriminated against in violation of Title II of the ADA and of the regulations adopted to implement the ADA. Plaintiff suffered damages, compensable under Title II for

intentional acts of Public Entity Defendants, including deliberate indifference, and has suffered physical, mental and emotional damages, including difficulty, discomfort or embarrassment.

36. Per § 12133 of the ADA, as a result of such discrimination, in violation of § 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the Rehabilitation Act of 1973 (29 USC § 794a).

37. Under the regulation governing "[g]eneral prohibitions against discrimination," public entities are prohibited from "providing any aid, benefit, or service" that "afford[s] a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is *not equal* to that afforded others." 28 C.F.R. § 35.130(b)(1)(ii) (emphasis added); *see also* 28 C.F.R. § 41.51 (Rehabilitation Act regulations). Public entities are also prohibited from utilizing "methods of administration ... [t]hat have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities[.]" 28 C.F.R. § 35.130(b)(3)(ii).  Public entities are required to "make *reasonable modifications* in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." *Id.* § 35.130(b)(7) (emphasis added). The United States Court of Appeals for the Ninth Circuit Court has been clear that a public entity may violate the ADA even if no regulation expressly proscribes its particular conduct. *Barden v. City of Sacramento*, 292 F.3d 1073, 1076-78 (9th Cir. 2002) (applying Title II to sidewalks even though no implementing regulations specifically addressed sidewalks).

38. On information and belief, to the date of filing this Complaint, the specified public facilities continue to be inaccessible for safe and independent use by physically disabled persons such as Plaintiff. Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public buildings and facilities and cannot return to properly use these facilities until they are made properly accessible to disabled persons.

Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE REHABILITATION ACT OF 1973**
**[29 U.S.C. § 794]**
**(Against Public Entity Defendants)**

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

40. Upon information and belief, at all times relevant to this action, Public Entity Defendants were recipients of federal funding for the Stadium within the meaning of the Rehabilitation Act. As recipients of federal funds, they are required to reasonably accommodate persons with disabilities in their facilities, programs, and activities.

41. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act. 29 U.S.C. § 705.

42. By its inaccessible Stadium and its policies and practices of discriminating against and failing to reasonably accommodate patrons with mobility disabilities, Public Entity Defendants violated Section 504 of the Rehabilitation Act. 29 U.S.C. § 794.

43. As a result of Public Entity Defendants' discrimination and failure to provide reasonable accommodations, Plaintiff and others with disabilities do not have equal access to the activities, programs, and services at the Stadium for which they are otherwise qualified.

44. Plaintiff's injuries are ongoing so long as Public Entity Defendants do not modify their policies and procedures and provide fully-accessible facilities for him and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135
**(Against Public Entity Defendants)**

45.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

46.  Upon information and belief, at all times relevant to this action, Public Entity Defendants received financial assistance from the State of California for the Stadium.

47.  Plaintiff is a person with a disability within the meaning of California Government Code section 11135.

48.  Public Entity Defendants denied Plaintiff full access to the benefits of its programs and activities for which Public Entity Defendants receive financial assistance from the State of California for the Stadium, and unlawfully subjected Plaintiff and other persons with disabilities to discrimination within the meaning of California Government Code section 11135(a) based on their disabilities.

49.  Plaintiff's injuries are ongoing so long as Public Entity Defendants do not modify their policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

//

//

//

//

//

**FOURTH CLAIM:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT**
**[Cal. Civil Code §§ 51 *et seq.*]**
**(Against All Defendants)**

50. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

51. The Unruh Civil Rights Act, California Civil Code 51(b), provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

52. Defendants are business establishments within the meaning of the Unruh Act. Defendants are owners and/or operators of a business establishment.

53. Defendants violated the Unruh Act by its acts and omissions, as follows:

   A. Failing to provide accessible facilities at the Stadium for Plaintiff and others with similar mobility disabilities;

   B. Failing to abide by California disabled access requirements and standards during the recent renovation of the Stadium;

   C. Failing to modify policies and procedures as necessary to ensure Plaintiff and others with similar mobility disabilities full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Stadium; and

   D. Violating the ADA, a violation of which is violation of the Unruh Act. Cal. Civil Code § 51(f).

54. Defendants' acts and omissions denied physically disabled individuals, such as Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (i.e., the Stadium) because of a physical disability; and violated their rights under the ADA. Defendants denied, aided or incited a denial, or discriminated against Plaintiff under the Unruh Act.

55. Plaintiff has experienced barriers to access at the Stadium, as well as barriers related to the Stadium's policies and procedures, all of which have caused him major difficulty, discomfort and embarrassment. Plaintiff suffered physical, mental and emotional damages, including statutory and compensatory damages, according to proof.

56. Further, on information and belief, the Stadium and its premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s), per the Ninth Circuit's standing standards under *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (*en banc*). Plaintiff prays for leave to amend this Complaint to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

57. Further, each violation of the ADA (as pled in the First Claim, *supra*, the contents of which are repled and incorporated herein as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

58. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were made aware of their duties to refrain from establishing discriminatory policies and barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Defendants' programs and facilities. Defendants' discriminatory practices and/or policies that deny full enjoyment of its facilities to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have been aware of architectural barriers at the Stadium at least since it was recently renovated, and they were aware of California disabled access requirements and standards which applied to the Stadium renovation project. Accordingly, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

59. On information and belief, the access features of the Stadium and its policies and procedures have not been improved since Plaintiff's most recent visit. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with similar mobility disabilities.

60. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that the barriers, policies and practices at the Stadium violated disabled access requirements and standards, and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continue a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly-situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

//

# **PRAYER**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2. Issue a declaratory judgment that Defendants' actions, omissions, and failures, including but not limited to: failing to remove architectural barriers at the Stadium; failing to comply with construction alteration requirements and standards in effect at the time of alterations and new construction; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities, violate the rights of Plaintiff and other similarly situated persons under 42 U.S.C. §§ 12101 *et seq.* and the regulations promulgated thereunder and California Civil Code §§ 51 *et seq*;

3. Issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at the Stadium;

    c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Stadium;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation the provision of access to restroom facilities and access doors at the Stadium;

e. To maintain such accessible facilities once they are provided;

f. To train the Stadium employees and agents in how to accommodate the rights and needs of physically disabled persons; and

g. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities;

4. Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Civil Rights Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5;

7. Award prejudgment interest pursuant to California Civil Code § 3291;

8. Interest on monetary awards as permitted by law; and

9. Grant such other and further relief as this Court may deem just and proper.

Dated: January 21, 2020        PEIFFER WOLF CARR & KANE

                                                                     */s/ Catherine Cabalo*

                                                        BY: CATHERINE CABALO

Attorneys for Plaintiff
WALTER DELSON

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 21, 2020          PEIFFER WOLF CARR & KANE

*/s/ Catherine Cabalo*
BY: CATHERINE CABALO
Attorneys for Plaintiff
WALTER DELSON